[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de PLAINTIFF'S POST JUDGMENT MOTION FOR CLARIFICATION (139)
The court heard arguments on this motion. The court then ordered a transcript of the defendants testimony given on October 29, 1998. All references infra are to that transcript.
FIRST
The plaintiff's motion refers to $12,000.00 on deposit with the Harrison Teachers Federal Credit Union. The defendant testified the amount entrusted to her was $10,000.00 and the sum was placed on deposit with the F.C.U. Both parties considered the sum as money of the defendants mother. The $10,000.00 received from the defendants mother was entrusted to the parties to hold for the defendants mother. At the time of the trial there was a loan that had been taken in May of 1997 for $7,038.00 (transcript, p. 48). The court order intended that this loan be repaid and the account remain under the defendants control to be held for her mother (transcript, p. 54). There is another debt due the defendants mother of $12,000.00 borrowed for their daughters wedding (transcript, p. 54). The court orders were intended to produce $22,000.00 in the defendants control which she could use to repay her mother as she requested in her claims for relief (III, f).
SECOND
The court intended the cash value of the metropolitan life policy be restored. The court intended the defendants advance CT Page 3837 of $14,000.00 received from her mother for legal fees to be repaid. The court intended the defendant to be awarded the allowance to defend as well.
THIRD
The testimony of the defendant convinced the court there was no agreement regarding the tangible personal property.
 "Q. With respect to the items he wishes to have assigned to him, are you in agreement with all of those items?
"A. No I am not." (transcript, p. 25)
The defendant may deliver to plaintiff whatever items she chooses, if any.
FOURTH
The alimony order stands as written.
So Ordered.
HARRIGAN, J